A. N. McLennan *et al.* v. E. W. Wellington *et al.*

CONTRACT — *Bond for Performance — Alteration — Bondsmen, not Released.* In an action upon the bond of a contractor given for the faithful performance of a contract for the construction of a building, where the contract contained a clause by which the owner reserved the right to alter or modify the design, and to add to or diminish the contract price, and the owner and the architect were at liberty to make any alterations in the plan, form, construction or details described in the drawings and specifications, without making void the contract, and it is found by the referee trying the case that a change was made in the plan of the building by moving the wall out two inches, and the specifications were changed by substituting walnut, cherry and poplar instead of pine in certain portions of the building, *held*, that changes and modifications were provided for in the

contract, and that the bondsmen were not released by reason of such changes. *Held, further,* That when it is found that the original specifications exhibited to the bondsmen, with numerous alterations noted therein, were taken by the architect to be copied, and it does not appear that the additions made upon the copy are material, and the original is inadvertently destroyed in the architect's office, the destruction of the original specifications will not avoid the contract or release the bondsmen.

## *Error from Ellsworth District Court.*

ACTION by *Wellington* and another against *Allen*, as principal, and *McLennan* and another, as sureties, on a certain bond. Judgment for plaintiffs, September 30, 1889. The defendant sureties allege error, and bring the case to this court.

*Ira E. Lloyd,* for plaintiffs in error.

*Garver & Bond,* for defendants in error.

Opinion by GREEN, C.: This was an action brought by Wellington & Brundage against L. L. Allen as principal, and A. N. McLennan and G. H. Luedde as sureties, on a bond executed by the plaintiffs in error and conditioned that the principal would faithfully perform a contract which Allen had entered into with the defendants in error, for the construction of certain parts of a building. The bond was in the sum of $2,000. The condition reads as follows:

"Whereas, L. L. Allen has contracted with Messrs. Wellington & Brundage to execute, construct and complete the work specified in contract for the sum of $2,474, by a contract dated July 16, 1887, hereto annexed; and the condition of this obligation is, that if the said L. L. Allen shall duly perform said contract, then this obligation is to be void; but if otherwise, the same shall be and remain in full force and virtue."

The contract between the parties was in writing, and provided that the work should be done "agreeably to the plans, drawings and specifications prepared for said work by Abbott & Hohenschild, architects, to the satisfaction and under the

direction and personal supervision of Abbott & Hohenschild, architects." Before the contract and bond were signed the architects named had prepared plans, drawings and specifications. The contract contained the following provision in regard to changes and alterations in the work:

"Should the proprietors, at any time during the progress of said work, require any alterations, or deviations from, or additions to, or omissions, *in the said contract, specifications,* or plans, they shall have the right and power to make such change, or changes, and the same shall in no way injuriously affect or make void the [this] contract, but the difference for work omitted shall be deducted from the amount of the contract by a fair and reasonable valuation; and for additional work required in alterations, the amount shall be agreed upon before commencing additions."

To the petition of the plaintiffs below the sureties upon the bond answered that the plans and specifications agreed upon had been submitted to them before they signed the bond; that after they executed the bond the parties to the building contract, without the knowledge of the bondsmen, destroyed the plans and specifications and substituted new and entirely different plans and specifications in place of the original plans submitted to the sureties, and that the substituted plans were for a larger and more expensive building than proposed in the original plans. It was also alleged that the contract had been changed by the parties so that Allen was to be paid a reasonable price for his labor, and Wellington & Brundage were to furnish material and assume control of the work of constructing the building themselves. The case was sent to a referee, who reported, among other things—

"That on July 16, 1887, said plans and specifications, having numerous alterations noted thereon by erasures and interlineations, at the suggestion of the architects and with the consent of plaintiffs and L. L. Allen, were taken by said architects to their office in Salina, Kas., to be copied, where they remained about one week; that said original specifications as soon as copied were destroyed in said architects' office; that on return of said specifications to Ellsworth, so copied as aforesaid, numerous additions were made thereto by Mr. Abbott,

architect, in the presence of L. L. Allen; that said additions were immaterial, and said Allen then signed said specifications and proceeded with the construction of, and constructed said building thereunder, a copy of which specifications is attached to plaintiffs' petition; that thereafter a material change was made in the plan of said building by moving the north wall of same out two inches — that is, the brick wall to be built on the center of the stone basement, and being four inches narrower, was moved out flush on north side; that said A. N. McLennan and G. H. Luedde had no knowledge of the destruction of said original specifications, or of any alteration in the plans and specifications."

As a conclusion of law, the referee found that the destruction of a material portion of the plans and specifications, and the substitution of other plans without the consent of the bondsmen, and the change in the plans and specifications, released and discharged the bondsmen from liability. The court refused to render judgment in favor of the bondsmen upon the report and conclusions of the referee, but gave judgment upon the findings of fact made by the referee for the sum of $1,244.14 against the sureties upon the bond, as well as the principal.

The plaintiffs in error bring the case here upon the pleadings, findings of fact and conclusions of law of the referee, and the motions made in reference to the same. The contention of the plaintiffs in error is, that the findings of the referee disclosed such alterations in the plans and specifications as released the bondsmen. As to the general proposition of counsel, which is urged with much force and well supported by a long line of authorities, we can quite agree with him as to the legal effect of a contract which has been materially altered, and are ready to hold, with Mr. Justice Story —

"That the liability of a surety is not to be extended by implication beyond the terms of the contract. To the extent and in the manner, and under the circumstances pointed out in the obligations, he is bound, and no further. It is not sufficient that he may sustain no injury by a change in the contract, or that it may be for his benefit; he has a right to stand

upon the very terms of his contract, and if he does not assent to any variation of it and a variation is made, it is fatal." (*Miller v. Stewart*, 9 Wheat. 681.)

It will be observed from the findings of the referee already quoted that on July 16, 1887, the plans, with certain alterations noted thereon, were delivered to the architects to be copied. When copied, the original specifications were destroyed. We do not understand from this finding that there was any very great change made. In fact, the referee finds that the additions made. were immaterial. We also learn from the additional findings of the referee that the changes made were no more than are liable to occur in the construction of a building of the size and dimensions described in the plans. Indeed, it is very difficult to have plans and specifications so drawn that during the progress of the work some changes will not be found to be necessary. Now, we think just such changes as were made were provided for in the contract. If it was a part of the terms of the contract that changes could be made, and they were, in fact, made in the manner designated in the contract, the bondsmen cannot very well complain because they are bound by the terms and conditions of the contract they signed. They have the same rights that the defendants in error have to stand upon the terms and conditions of the contract. The obligation is mutual. They signed the contract with the express understanding that the parties erecting the building reserved the right to make changes and designated how the alterations were to be made.

Counsel for plaintiffs in error insists that the destruction of the original draft of the specifications and the substitution of the copy made by the architects released the bondsmen. It does not appear from the findings of the referee why or by whom the original draft of the specifications was destroyed. It is not found that the parties to the contract or either of them had anything to do with the destruction of the paper in question. There is nothing to show that the architects did not copy the specifications correctly, and, as already stated, the

referee found that the additions made were immaterial, and the destruction of the original draft seemed to have been done inadvertently. · This ought not to avoid the contract. The rule has been laid down, that " when the spoliation be done by an agent of one of the parties, it will not avoid the contract, if the agent had no express or implied authority to do it." (1 Am. & Eng. Encyc. of Law, 505, note 1, and authorities there cited.) We do not think the changes made were such as would release the sureties upon the bond.

In a case not unlike this in some of its features the Missouri court of appeals said :

"The only other ground upon which it is assumed that the sureties were discharged is that relating to the changes in the work as it progressed. The mere fact that there were departures from the original plans and specifications could not operate such a discharge; because changes, under the direction of the architect, were expressly provided for in the contract." (7 Mo. App. 283.)

In the case of *Moore v. Fountain*, 8 South. Rep. 509, the supreme court of Mississippi held : "That where the building contract provided that the parties might make such alterations in the plans as they might deem proper, the same to be 'agreed upon in writing' before executed, the sureties upon the bond of the contractor for the construction of the building will not be released because they were not parties to such agreement in writing."

In the case of *Dorsey v. McGee*, 46 N. W. Rep. 1018, the supreme court of Nebraska, in an action brought by the proprietors of a building against the contractor and his sureties, on a bond given for the faithful performance of a contract for the erection of a dwelling-house, where the specifications. contained a clause that the owner had a right to make alterations, additions or omissions of work or material, and changes were made in the construction of a stairway from the kitchen to a bed-room, the use of bronze hardware in place of No. 1 hardware, as specified, and a change was also made in the location of the cistern, decided that the additions and changes

were provided for in the contract and held the bondsmen liable.

We recommend an affirmance of the judgment of the district court.

By the Court: It is so ordered.

All the Justices concurring.