KRETSCHMAR, Appellant, vs. BRUSS and another, imp., Respondents.

*November 20 — December 7, 1900.*

*Building contract: Alterations: Release of guarantors: Written direction: Finding: Presumption.*

1. A building contract provided that alterations might be made in the plans and specifications, either by way of addition or deduction, without vacating the contract, and that the value thereof should be estimated and added to or deducted from the contract price. *Held,* that guarantors of faithful performance by the contractor were not released by reason of alterations which did not change the character of the building or unreasonably increase the expense.

2. Where a building contract prohibited the making of any changes or of any allowance therefor unless ordered in writing, and the trial court has found that certain changes were made by direction of the owner and his architect and an allowance made therefor by the architect, it will be presumed, in the absence of a finding to the contrary, that the direction for the changes was in writing.

APPEAL from a judgment of the superior court of Milwaukee county: J. C. LUDWIG, Judge. *Reversed.*

This is an action on a contract of guaranty accompanying a building contract. In 1892 and 1893 the plaintiff, *Kretschmar*, as owner, erected a building upon certain lots owned by him in the city of Milwaukee, costing $11,500. The defendant Gross was the contractor for the carpenter work and hardware in said building, at the price of $3,733. His contract was in writing, and the defendants *Bruss* and *Wollaeger*, as sureties, signed the instrument of guaranty attached to the building contract, by which they guaranteed the faithful performance of said contract by Gross, and agreed to indemnify and save harmless the plaintiff against any liabilities, judgments, and mechanics' liens, costs, and expenses which might come against the plaintiff in consequence of the letting of said contract to Gross, or result from carelessness or neglect of Gross or his employees. This ac-

tion was brought to recover of Gross and his said sureties the amount of certain subcontractors' liens and the costs of foreclosing the same, which *Kretschmar* had been obliged to pay on account of the failure of Gross to pay them. The defense of the sureties, *Bruss* and *Wollaeger*, was that material changes had been made in the plans and specifications and in the building, by reason of which the sureties were discharged.

The action was tried by the court. There is no bill of exceptions. The court, after finding the execution of the building contract and the contract of guaranty, found that the building contract contained the following provision: "That in case any alterations should hereafter be made by order of the party of the second part or by direction of the said superintendent, by varying from the plans or specifications either by adding thereto or diminishing therefrom, or otherwise however, such alterations shall not vacate the contract hereby entered into, but such additions and deductions shall be estimated by said superintendent at their proper value and added to or deducted from the gross amount to be paid as above mentioned; provided, however, that no claim shall be recognized or allowance made unless the order for such shall be given in writing, and that no alteration shall operate to extend the time hereinbefore fixed, nor render void the contract for the completion of said work and the furnishing of said materials."

The court further found that the contractor, Gross, completed his contract, but failed and neglected to pay certain subcontractors and materialmen, and that said subcontractors and materialmen thereafter foreclosed mechanics' liens upon said building, which liens amounted in all, with the necessary costs and expenses, to the sum of $2,274.08; that the defendants Gross, *Bruss*, and *Wollaeger* refused to defend said action, though this plaintiff duly tendered them the right to defend; and that the plaintiff was obliged to expend the said sum of $2,274.08 to remove said liens.

Kretschmar vs. Bruss and another.

The court further found that during the progress of said work alterations were made in the plans and specifications and in said building by the direction of the plaintiff and architect, which increased the cost of the building in the sum of $467, which said alterations were estimated and fixed by the architect and superintendent at such sum, and that the increase of the contract price by the amount so estimated by the architect as value of said extra work, changes, and alterations was such a change and alteration that it amounted to a material change of the contract, and so changed the position of the sureties to their prejudice that they should be released from their contract of suretyship, and that judgment should be entered in their favor dismissing this action as to the sureties, and that the plaintiff should have judgment only against the defendant Gross for the sum of $1,424.08, with interest, being the amount of said mechanics' liens, less $850 of the contract price which the plaintiff had retained in his hands.

Judgment was entered in accordance with these findings, and the plaintiff appeals from that part of the judgment which dismisses the action as to the sureties.

For the appellant there was a brief by *Julius E. Roehr* and *E. J. Dierks*, and oral argument by *Mr. Roehr.* They argued, among other things, that under the terms of this contract it was perfectly proper for the parties to make any reasonable changes and alterations which might be desired, as the building progressed, without in any manner releasing the sureties from their liability on their guaranty. *Young v. Young*, 21 Ind. App. 509; *Dorsey v. McGee*, 30 Neb. 657; *U. S. v. Freel*, 92 Fed. Rep. 299; *Consaul v. Sheldon*, 35 Neb. 247; *DeMattos v. Jordan*, 15 Wash. 378; *Hayden v. Cook*, 34 Neb. 670. The sum of $467 in excess of the price of the building as originally contemplated was not such a material increase over the contract price that the sureties should be released. *Consaul v. Sheldon*, 35 Neb. 247; *O'Rourke v.*

*Burke,* 44 Neb. 821; *Dorsey v. McGee,* 30 Neb. 657; *Ashen-boedel v. Findlay,* 53 Mo. App. 256.  A surety for the performance of a contract will be released from liability by a change or alteration of such contract without his consent only when such change is material and substantial.  *Stephens v. Elver,* 101 Wis. 392; *Smith v. Molleson,* 148 N. Y. 241.

For the respondents there was a brief by *Austin, Fehr & Gehrz,* and a supplemental brief signed also by *C. W. Briggs,* and oral argument by *W. H. Austin.*  They contended, *inter alia,* that the additional cost incurred, without a written order as stipulated, amounting as it did to fully one eighth of the entire contract price, was such a change of condition and modification of the contract as to release the sureties. *Cowdery v. Hahn,* 105 Wis. 455; *Stephens v. Elver,* 101 Wis. 392; Brandt, Suretyship & G. (1st ed.), § 338; Lloyd, Building, § 69; *Stillman v. Wickham,* 106 Iowa, 597; *Northern Light Lodge v. Kennedy,* 7 N. Dak. 146.

WINSLOW, J.  The evidence not having been brought to this court by a bill of exceptions, the only question is whether the pleadings and findings sustain the judgment.  *Wille v. Bartz,* 88 Wis. 424.

The findings show that both the building contract and the contract of guaranty were breached by failing to protect the plaintiff against subcontractors' liens.  The court, however, relieved the sureties from liability because alterations had been made in the plans and in the building, which increased the contract price in the sum of $467.  As will be seen by reference to the statement of facts which precedes this opinion, the building contract itself provided that alterations may be made in the plans and specifications, either by way of addition or deduction, without vacating the contract, and that the value of such additions or deductions shall be estimated by the superintendent and added to or deducted from the contract price, provided that the

Kretschmar vs. Bruss and another.

order for such change shall be in writing. The sureties agreed to guaranty the performance of the contract as it stood. This provision was one of the essential parts of the contract. It was plain and unambiguous. By their agreement of guaranty they undoubtedly expressly recognized and approved all material parts of the contract and assented in advance to changes or alterations in the plans which might be ordered in writing and which were fairly within the meaning of the provision. *Hayden v. Cook*, 34 Neb. 670. Probably changes which would completely change the character of the building, as from a dwelling house to a shop, would not be "alterations" within the meaning of the contract; but that question is not now before us. No such changes are found to have been made. The court found that alterations which increased the original contract price ($3,733) by the sum of $467 constituted such an increase in the contract price as to be a material change of the contract, and hence released the sureties.

To this conclusion we cannot agree. The changes are not described, and not found to have been anything beyond or outside of the proper scope of the term "alterations" as used in the contract. The building evidently remained the same building in character as the one contracted for, with alterations increasing the expense. But it was contemplated and agreed that the expense might be increased by alterations; hence the mere increase of expense, at least to the amount here found, manifestly releases no one.

But it is said that the changes were made by oral direction, and not in writing, as provided by the contract. There is, however, no finding to this effect. The finding is that changes and alterations were made by direction of the plaintiff and his architect, and that the amount thereof was estimated at their proper value by the architect and superintendent, to wit, at the sum of $467. The necessary inference from this finding must be that the changes were ordered in

writing because the contract expressly prohibits the making
of any change or the making of any allowance therefor un-
less the order be given in writing, and we cannot presume
a violation of this provision which is not found.   Upon the
findings, the sureties should have been held liable equally
with the principal.

*By the Court.*— That part of the judgment appealed from
is reversed, and the action is remanded with directions to
enter judgment against the sureties for the same amount for
which the principal was found liable.