## BROWN IRON COMPANY v. WARD TEMPLEMAN.

### Decided June 2, 1902.

**1.—Building Contract—Bond—Sureties Not Released.**

Where an indemnity bond given by a building contractor expressly waived compliance by the owner with the terms of payment provided in the contract, and stipulated that the sureties should reimburse the owner for money, labor, or material furnished by reason of any failure on the part of the contractor, and the latter told the owner that he was unable to complete the building for the contract price, and the owner paid the contract price in full before the completion of the building, contrary to the terms of the contract, and also furnished labor and materials with which to complete it, the sureties were not thereby relieved of liability on the ground that the acts of the owner were in violation of the contract.

**2.—Same—Pleading and Proof—Variance.**

In an action against the sureties on a contractor's bond plaintiff alleged that the contractor failed to furnish labor and materials to complete the building, so that it became necessary for plaintiff to furnish them, which he did, and that the amount furnished the contractor was $2005, and on the trial plaintiff testified that he paid out that amount for labor and materials, and there was no exception to the pleading nor objection to the evidence, it is held that the allegations and evidence might be construed to mean either that plaintiff advanced the money, or that he furnished labor and materials, so that on objection first raised on appeal there was no variance.

Appeal from the District Court of Grimes County. Tried below before Hon. J. M. Smither.

*Stanley Thompson,* for appellant.

*Neal & Boone* and *John M. King,* for appellee.

PLEASANTS, ASSOCIATE JUSTICE.—This is a suit brought by the appellee upon a building contract and a bond of indemnity executed by the appellants. The petition alleges that on the 6th day of July, 1898, the defendant E. W. Cloney entered into a written agreement with the plaintiff Templeman whereby said Cloney agreed to build for

Templeman a certain two-story frame building and to furnish and pay for all labor, material, tools, and machinery necessary in the construction of said building and to complete the same on or before the 15th day of November, 1898; that plaintiff by the terms of said contract was to pay to said Cloney for the construction of said building the sum of $3875, and in case the same was not completed by November 15, 1898, said Cloney was to pay the plaintiff as liquidated damages the sum of $5 per day for every day required for the completion of said building after the 15th day of November, 1898, the said damages to be deducted from the contract price of said building; that on the same day the defendants, E. W. Cloney, as principal, and the Brown Iron Company, S. Brown, and J. M. Ludtke, as sureties, entered into a written obligation or bond (copied in full in the petition), whereby they bound themselves in the sum of $1100 that the said Cloney should faithfully perform all his agreements in said building contract, and to pay Templeman all damages that he might suffer by reason of the failure of Cloney to carry out said agreements, not to exceed $1100; that the said Templeman performed all his agreements in said contract contained; that the said Cloney did not finish said building until the 7th day of March, 1899; that said E. W. Cloney failed and neglected so to furnish all labor, tools, and materials as therein agreed by him so to be furnished; that by reason of said failure and refusal upon the part of the said E. W. Cloney to so furnish said labor, tools, and materials, it became necessary that such labor, tools, and materials should be so furnished him by this plaintiff in order that the said E. W. Cloney should be able, according to his contract, to finish and complete said building, in said contract stipulated to be finished and completed by said Cloney at his own charge and expense. The amount that this plaintiff was compelled to furnish to said defendant, E. W. Cloney, was the sum of $2005.66, over and above the amount of $3875, in said contract specified as the consideration for said building, which said sum of $2005.66 was by this plaintiff furnished in order to procure tools, labor, and materials to complete and finish said building. That said amount was furnished at the request of the said E. W. Cloney.

The prayer of plaintiff's petition was "for the sum of his debt and for all relief, general and special, legal and equitable, to which in the premises he may be entitled."

The defendants answered by general demurrer and general denial. Also substantially that the amount claimed for damages for delay was a penalty and not liquidated damages; that the delay in completing the building was not the fault of Cloney, but was the fault of the plaintiff; that by the terms of the agreement the damages for delay, if any, were to be deducted by the plaintiff from the contract price; that plaintiff had paid Cloney the full contract price and more, without deducting said damages, whereby plaintiff waived the damages for delay; that by the terms of the building contract the said Cloney was

to build said building and furnish and pay for all labor therefor, for the sum of $3875, and if plaintiff overpaid him the sum of $2005.66 in cash or for labor and material that he furnished to Cloney, it was a voluntary payment on the part of plaintiff, and a waiver of the terms of the agreement; that the terms of the original contract were materially changed and altered, without the knowledge of defendants, who now appeal, viz., the sureties on Cloney's bonds, and a new and different contract was substituted for the original contract, whereby appellants were relieved from any liability on said bond; that Cloney built and completed said building according to contract and turned the same over to plaintiff, and the plaintiff accepted the same.

The case was tried by the court and a judgment rendered in favor of the plaintiff against Cloney in the sum of $1773.66, with interest from March 23, 1899 (being the $2005.66 less $232, allowed Cloney for extras), and against appellants in the sum of $1100, and interest from March 23, 1899; and against all defendants for all costs. Defendants, Brown Iron Company, S. Brown, and J. M. Ludtke, sureties on Cloney's bond, have appealed.

It is unnecessary to state fully the terms of the building contract entered into by plaintiff and the defendant Cloney; the substance of the terms of that contract so far as same are material to any issue raised on this appeal are shown in our statement of the allegations of plaintiff's petition, and by the additional statement that the contract provides: "That the said party of the first part hereby agrees, promises, and binds himself, his heirs or assigns or administrators, to pay the sum of thirty-eight hundred and seventy-five ($3875) dollars lawful money of the United States of America in the following manner, viz: The contractor to receive every two weeks 75 per cent of the value of the work placed in the building until final acceptance of the building, when he shall receive the balance due."

The bond executed by appellant is as follows:

"State of Texas, County of Harris. Know all men by these presents that we, E. W. Cloney, Brown Iron Company, S. Brown, and J. M. Ludtke, jointly and severally, acknowledge ourselves firmly bound to pay Mr. Ward Templeman, of Grimes County, Texas, the sum of eleven hundred ($1100) dollars, for the payment of which well and truly to be made unto the said Ward Templeman, at his office in the city of Navasota, Grimes County, Texas, we bind ourselves, our heirs, executors and administrators.

"The condition of this obligation is such that, whereas the said E. W. Cloney, by contract in writing of even date herewith, has agreed to furnish at his own cost, charge, and expense, all material, labor, and tools required for the construction and completion of the building and to erect such building for said Mr. Ward Templeman in the city of Navasota, Texas, on lot No. —, according to the drawing and specifications prepared for the same by F. S. Glover, and referred to in

said contract, and in accordance with said contract, for the sum of three thousand eight hundred and seventy-five ($3875) dollars, and has promised to fully comply with all the provisions of said contract. Now should the said E. W. Cloney fully comply with all the terms and provisions of said contract and perform all the obligations thereby assumed by him in accordance with the terms, tenor and effect thereof, then and in that event, this obligation shall become null and void; otherwise to remain in full force and effect.

"And we jointly and severally agree to pay to said Mr. Ward Templeman, or any other person advancing at his request money used in the construction of said improvements, the full amount of all sums so advanced for the payment of labor performed or materials used in the construction of said building; and also to indemnify the said Mr. Ward Templeman, or any other person advancing money as aforesaid, against all damage and loss that may be sustained by him or them, or on account of any failure upon the part of the said E. W. Cloney to fully comply with all the terms of said contract relative to the construction of said building, not to exceed, however, in the aggregate the said sum of eleven hundred ($1100) dollars, above mentioned. The said Mr. Ward Templeman, or any person advancing money as aforesaid, at the request of the said Mr. Ward Templeman, in the construction of the improvements being by us authorized, so far as we are concerned, to build and complete said improvements at our own cost and expense, according to the terms of said contract, and to pay for any material used in or labor performed upon said improvements when due. And this bond being given for the use and benefit of any person who may advance money as aforesaid, for the construction of said improvements or pay for labor employed thereon, or for material used therein, as well as for the benefit of the said Mr. Ward Templeman, or any person making such advances, or the said Mr. Ward Templeman or either of them are hereby authorized to sue on this obligation.

"It is further understood that we have full faith and confidence in the integrity of the said ———, as well as his ability financially or otherwise to comply with his said contract for the construction and completion of said building, and we therefore hereby expressly relieve the said Mr. Ward Templeman and all other beneficiaries referred to in this bond from the exercise of any diligence whatsoever on their part toward securing the compliance upon the part of the said E. W. Cloney with the terms of said contract; and we do also waive compliance with the terms of payment provided for in such agreement, hereby authorizing, notwithstanding any provision to the contrary in said agreement, Mr. Ward Templeman, or any other person advancing money for the construction of the building as aforesaid, at their option to pay the said E. W. Cloney for the construction of the said building said full sum of three thousand eight hundred and seventy-five ($3875) dollars, or any portion of the same, before the time specified in the agreement, if he or they elect to do so.

"And it is also expressly agreed and understood that no change which may be made in said contract for the construction of said building or any departure therefrom by agreement of the parties thereto shall in any way avoid or impair this obligation; provided such change does not increase the cost of said improvements 30 per cent; it being our intention and purpose by this instrument to bind ourselves jointly and severally to indemnify the said Mr. Ward Templeman or any other person who may at his request, expressed or implied, furnish money for the construction of said improvements, or pay for labor or material, performed or used therein, against all loss or damage by reason of any failure upon the part of the said E. W. Cloney to fully carry out and perform his part of said contract in accordance with the terms thereof.

"Witness our hands this 6th day of July, 1898.

"E. W. CLONEY.
"BROWN IRON COMPANY,
        "Per S. Brown.
"J. M. LUDTKE.
"S. BROWN."

The plaintiff testified as follows: "The defendant, E. W. Cloney, commenced said building, and on or about the 15th day of December, 1898, the building being then in an unfinished state, stated to me that he was unable to get the balance of the material necessary, and to pay for the labor necessary to finish said building according to plans and specifications, and to pay for same. Cloney requested me to furnish him labor and material necessary to complete said building according to his contract and the plans and specifications. I then, at Cloney's request, agreed to furnish the balance of the material for him, to pay for the same, and to pay for all labor necessary to finish the building, and in accordance with said agreement I did furnish the balance of the material to him and paid for the same, and paid for the labor, which cost me the sum of $2005.66 over and above the contract price of the building, and Cloney went on and finished the building according to the plans and specifications, and turned the same over to me, and I accepted the same from him on or about the 7th day of March, 1899. At the time I agreed to furnish and pay for the balance of the material and labor necessary to complete the house, viz., the 15th day of December, 1898, I had already paid Cloney the full contract price of $3875 and some over. All this labor and material that I paid for went into the construction of the building, I paying for it and delivering it to Cloney, under said agreement with him."

Appellants by their first assignment of error complain that the court below erred in rendering any judgment against them for the alleged delay in the construction of said building. The assignment sets out several reasons in support of the contention that the judgment complained of is erroneous. The record shows that no judgment was ren-

dered against the appellants for any damages for delay in the construction of the building, and we are not required to pass upon the question as to whether under the pleadings and evidence a judgment for damages for delay in the construction of the building might properly have been rendered against the appellants.

The second assignment of error is as follows: "The court erred in rendering judgment against these defendants for the sum of $1100 for the money claimed to have been overpaid to the said E. W. Cloney, or for any part thereof, or for any material or labor that the plaintiff claimed to have furnished to the said Cloney, for the reasons:

"(a)   The petition shows that the contractor, E. W. Cloney, one of the defendants, was bound by the written contract with the plaintiff, Ward Templeman, to build the building in question, and to furnish and pay for all material and labor necessary to build the same, for the price of $3875, and that the plaintiff voluntarily, and without notice to these defendants, who were sureties on the bond of said Cloney for the faithful performance of said building contract, paid to the said Cloney the full sum of $3875, and the further sum of $2005.79, thereby paying him the sum of $5880.79 for doing and performing what the said Cloney had agreed to do for the sum of $3875; thereby materially changing the original contract, and substituting a new and different contract from that which these defendants had guaranteed.

"(b)   Because the undisputed evidence shows that the contractor, E. W. Cloney, by written contract with the plaintiff, which was the basis of the bond which these defendants signed, and the performance of which these defendants guaranteed, agreed to build the building in question, and to furnish and pay for all labor and material necessary therefor, for the sum of $3875, and that the plaintiff, without any notice to these defendants, paid said Cloney said full sum of $3875, and then voluntarily paid for labor and material for said Cloney in the sum of $2005.79, and furnished the same to him, thereby doing for the said Cloney what the said Cloney had agreed with the plaintiff to do for himself; whereby the original contract of building between the plaintiff and the said Cloney, being the one the performance of which these defendants guaranteed, was materially altered and changed, and a new and different contract substituted therefor.

"(c)   Because there is a fatal variance between the allegations in the petition and the evidence, the allegation in the petition being that the plaintiff paid Cloney the sum of $2005.79 over and above the contract price, and the proof shows that the plaintiff furnished to the said Cloney material and labor of the value of $2005.79, after having paid him the full contract price.

"(d)   Because the evidence failed to show that the plaintiff suffered any damage, for the undisputed evidence shows that the contractor, Cloney, built and completed said building according to the plans and specifications therefor, and turned the same over to the plaintiff, and that the plaintiff accepted the same, and failed to show that

the plaintiff furnished and paid for any labor or material of the value of more than $3875, the contract price for said building, but shows that he (the plaintiff) furnished and paid for only $2005.79 worth of material and labor, and the plaintiff would have no right to recover from these defendants for any labor and material paid for and furnished by him to anyone, unless the total amount so paid was in excess of the contract price, and if he could recover at all, it would be only for the amount paid for and furnished in excess of said contract price, and in no event could he recover from these defendants for the labor and material furnished the said Cloney, as by the contract Cloney was to furnish the same for himself."

There is no merit in this assignment. The acts of the appellee which the appellants contend released them from liability were expressly authorized by the bond which was signed by the appellants. Having by the express terms of said bond agreed that they would become liable to appellee for any labor or material furnished by him in the construction of the building, and that the appellee might disregard the provision of the original contract in regard to the time and manner in which the contract price of the building should be paid to Cloney and might pay the whole or any part of same before the time specified in said contract, they can not be heard to say that the acts of the appellee in furnishing labor and material for the construction of the building and in paying to Cloney the contract price of the building before same was earned under the terms of the contract released them from liability upon said bond.

There is no variance between allegations of the petition and the evidence of the appellee. The petition alleges: "That said E. W. Cloney failed and neglected so to furnish labor, tools, and material as therein agreed by him so to be furnished. That by reason of said failure and refusal upon the part of the said E. W. Cloney to so furnish said labor, tools, and material, it became necessary that such labor, tools, and materials should be so furnished him by this plaintiff in order that the said Cloney should be able according to his contract to finish and complete said building in said contract stipulated to be finished and completed by said Cloney at his own charge and expense. The amount that this plaintiff was compelled to furnish to said defendant, E. W. Cloney, was the sum of $2005.66 over and above the amount of $3875 in said contract specified as consideration for said building, which said sum of $2005.66 was by this plaintiff furnished in order to procure tools, labor, and materials to complete and finish said building."

There was no exception to these allegations of the petition and no objection was made to the testimony of plaintiff that he paid out the sum of $2005.66 for labor and materials furnished by him for the completion of said building. We think these allegations and the evidence of the plaintiff may be construed to mean either that plaintiff advanced Cloney the $2005.66 to enable him to procure the labor and materials necessary for the completion of the building, or that he

furnished labor and materials for the completion of the building for which he paid the sum of $2005.66. It would be manifestly unfair to appellee for this court to construe the allegations of the petition and the testimony of the plaintiff so as to make a variance between them when no issue was made in the court below as to the proper construction of the pleading nor as to the admissibility of the evidence under the pleading. The undisputed evidence shows that the appellee was damaged by the failure of the defendant Cloney to comply with the terms of his contract in the sum found by the court below, and under the terms of the bond executed by them the appellants are clearly liable to appellee for such damage to the extent of the sum named in the bond. No error is shown to have been committed in the trial of the case, and the judgment of the court below is affirmed.

*Affirmed.*

Writ of error refused.