## HEDRICK *v.* ROBBINS.

[No. 3,968.     Filed March 13, 1903.]

PRINCIPAL AND SURETY.—*Bonds.*—*Builder's Contract.*—A surety on a bond to secure the performance of a contract for the construction of a building can not avoid liability thereunder on the ground that the contract was changed by the principals, where, by the terms of the contract and bond, permission was given by the surety for changes. *pp. 597–599.*

APPEAL AND ERROR.—*Harmless Error.*—Appellant was not harmed by the ruling of the court in sustaining a demurrer to an answer, where the facts alleged therein could be proved under the general denial. *p. 599.*

SAME.—*Harmless Error.*—Under §670 Burns 1901, a cause will not be reversed because of the alleged error of the court in the admission of evidence and the giving of instructions, where it affirmatively appears that the merits of the case were fairly tried and determined. *p. 600.*

From Superior Court of Marion County, *J. L. Mc-Master*, Judge.

Action by Lulie W. Robbins against John Moon and George W. Hedrick on a bond securing the performance of a building contract. From a judgment for plaintiff, George W. Hedrick, appeals. *Affirmed.*

*W. E. Bailey* and *J. M. Bailey*, for appellant.
*A. F. Denny*, for appellee.

Comstock, J.—Appellee brought this action upon a builder's bond against John Moon as principal and George W. Hedrick, appellant, as surety. A verdict was returned and a judgment rendered thereon in favor of the appellee for $373.35. Moon refused to join in the appeal. Appellant Hedrick assigns as error the action of the court in sustaining demurrers to the second and third paragraphs of his answer and in overruling the motion for a new trial.

The complaint avers that John Moon entered into a contract with appellee to finish, under the direction and to the satisfaction of Homer V. Place, architect, all the work included in a two-story frame residence agreeably to drawings and specifications made by said architect and signed by the parties aforesaid, and agreeably to the dimensions in said contract, including all the labor and material incident thereto; that the building was to be completed within a time stated, and in default thereof the contractor was to pay to appellee $1.50 for each day after the 1st day of September, 1897, as liquadated damages. Appellee agreed to pay for the work and materials $3,720 in instalments, according to such estimates as the said architect should make; final payment to be made within sixty days after the contract had been completely performed. The contract further provided that in the event there should be any claim for material or labor after all payments should be made by said owner to said contractor for such performance, that the said contractor should refund to the owner

all the moneys that the latter should have been compelled to pay in discharge of any liens on the premises aforesaid, made obligatory in consequence of said contractor's default. It is further alleged that the contractor did not keep the said residence free from liens and claims chargeable against said contractor, and that the said contractor suffered and permitted lumber and other materials, furnished by various persons named, used in said building to remain unpaid for to the amount of $327, and gas-pipe and gas fittings to the amount of $40, and hardware and plasterer's and mason's materials to the amount of $85, which amounts the plaintiff was obliged to pay in order to prevent expenses of foreclosure of mechanic's liens. It is alleged that notwithstanding the appellee performed her part of the contract, and paid the full amount she had agreed to pay, $3,720, on estimates made and furnished by the architect, within the time and in the manner specified, said Moon failed to perform his part of the agreement. Copies of the contract and bond are made a part of the complaint.

Appellant Hedrick answered in three paragraphs, the first being a general denial. In the second paragraph he admits the execution of the contract entered into between plaintiff and defendant Moon, and the execution of the bond as alleged in the complaint, but avers that the plaintiff violated her contract, in this, to wit, that the plans and specifications were so changed that an entirely different house was constructed from that designated in the original plans and specifications which formed a part of the contract when the defendant signed said bond. The changes are not specified. The answer states that the plans and specifications were in the possession of the plaintiff, and that he was unable to designate the various changes. It is further alleged that the contract was broken by the plaintiff and Moon in this: that the time of the completion of said building was

changed, and the time of the payments of the contract price
was changed, and made at different times from that speci-
fied· in the contract, and under different circumstances and
agreements than those mentioned in the contract. The third
paragraph of answer alleges that the plaintiff negligently,
and in violation of the direct terms of her contract with
defendant Moon, paid said Moon money on said contract
when at the time of payments, if she had used any caution
or care, and followed the letter and spirit of her contract,
she could, by withholding, · as she had a right to do, have
saved herself harmless from the various charges, liens,
losses, and damages set up in her complaint, all of which
was done without the knowledge and consent of the defend-
ant, and without his fault or negligence in any way con-
tributing thereto.

The contract provided by article third that: "Should any
alteration be required in the work shown or described by
the drawings and specifications, a fair and reasonable valu-
ation of the work added or omitted shall be made by the
architect, and the sum herein agreed to be paid for the work,
according to the original specifications, shall be increased
or diminished as the case may be. In case such valuation
is not agreed to, the contractor shall proceed with the altera-
tion, upon the written order of the architect, and the valu-
ation of the work added or omitted shall be referred to ·
three arbitrators,—no one of whom shall have been per-
sonally connected with the work to which these presents
refer,—to be appointed as follows: one by each of the
parties to this contract, and the third by the two thus
chosen; the decision of any two of whom shall be final and
binding, and each of the parties thereto shall pay one-half
of the expense of such reference." The condition of the
obligation of the bond is as follows: "That as the above
bound John Moon has entered into a contract with the said
Mrs. L. W. Robbins to build a two-story double tenement
frame residence according to the plans and specifications

prepared by Homer V. Place, said plans and specifications are to be subject to such changes as may be ordered by the architect. Now if the said John Moon will perform said contract and make such changes as ordered by the architect and indemnify said Mrs. L. W. Robbins and all persons interested in said building against all demands by reason of an agreement or covenant in the contract for the purchase of labor and materials from said every person whomsoever, then this obligation is to be void, else to remain in force."

While the obligation of sureties is *strictissimi juris,* the rule of construction to be applied in the construction of suretyships is the same that is to be applied to the construction of contracts in general. The provision for the change of a contract binds the sureties the same as the principals, and by notice of such provisions the sureties are held to have consented in advance to the making of all such changes as are within the terms of the stipulations. *Higgins* v. *Quigley,* 23 Ind. App. 348, and cases cited.

The contract and bond each provided for changes in the construction of the building. Permission was thus given in advance by the surety for changes. They are to be considered together. *Brown* v. *Markland,* 22 Ind. App. 652. The second paragraph does not show that the changes made were not within the general scope or plan of the building proposed. The paragraph is wanting in a statement of facts. The third paragraph charges a lack of diligence upon the part of the appellee, but there is not such a showing of negligence as might relieve the surety. Neither of these paragraphs sets up material facts which could not have been proved under the general denial; and even if the court erred in sustaining the demurrers,—which we do not concede,—appellant was not harmed by the ruling complained of.

The questions raised by this specification of error are presented, also, under the motion for a new trial.

The other alleged error, the overruling of appellant's motion for a new trial, is founded upon the admission and rejection of evidence, and the giving and the refusing to give instructions to the jury.

It is urged by the appellee that the appeal should be dismissed for, among other reasons, a failure to comply with rule three of this court, requiring marginal notes on each page of the transcript. The transcript of the evidence, containing 350 pages, is without marginal notes. The rulings of the court during the trial of the cause are not indicated by marginal notes. Without the help of a compliance with this rule we have examined the record and read the evidence. From such examination it appears that the merits of the cause were fairly tried and determined by the court below. The case seems to be one in which §670 Burns 1901 may be properly applied.

The judgment is therefore affirmed.