Henry L. MOORE, an Individual d/b/a
Henry's Electric Company, Plaintiff,

v.

CONTINENTAL CASUALTY COMPANY,
a corporation, Defendant.

Civ. No. 71–741.

United States District Court,
W. D. Oklahoma, Civil Division.

Jan. 18, 1973.

Glenn H. Grubb, Oklahoma City, Okl.,
for plaintiff.

Clyde J. Watts, Oklahoma City, Okl.,
for defendant.

## MEMORANDUM OPINION

DAUGHERTY, Chief Judge.

Plaintiff was the electrical subcontractor on the construction of an apartment complex known as Glenbrook Apartments. Marilyn Apartments, Inc.

and R. C. Cunningham, II were the contractors (hereinafter called Marilyn). Atrium Corporation (Atrium) was the owner. The Defendant, Continental Casualty Company (Continental), furnished a payment bond with Marilyn as principal and Atrium as owner and obligee of the bond.

The Plaintiff sued Defendant on the payment bond for a balance due and unpaid Plaintiff for electrical material and labor furnished the project by the Plaintiff. The amount therefor including reasonable legal fees and interest are not in dispute but have been agreed upon. Defendant first contends that Plaintiff should look to Atrium, the owner, for a portion of said balance due amounting to $7,181.48 which involved light fixtures for the reason that Atrium, not Marilyn, ordered Plaintiff to obtain and install the same and that they were not included in the subcontract between plaintiff and Marilyn. Defendant has also complained that the subcontract was violated in that the light fixtures were extras and there were no written change orders entered into regarding the same. Defendant further contends that no notice was given to Continental of this activity regarding light fixtures and because of such lack of notice its bond is not responsible for this part of the unpaid balance.

The Court has conducted an evidentiary hearing in the matter. Certain matters have been stipulated between the parties. From the evidence it appears quite clear and the Court now finds that Marilyn, not Atrium, directed the Plaintiff to obtain and install the light fixtures and further directed Plaintiff to bill Marilyn for the same. It also appears that Marilyn has in fact paid a part of the total expense of obtaining and installing the light fixtures. The Court therefore finds and concludes that the obtaining and installing of the light fixtures was a part of the subcontract relationship between Plaintiff and Marilyn and did not involve a separate relationship pertaining thereto between Plaintiff and Atrium.

The contract between Marilyn as contractor and Atrium as owner called for a cost not to exceed $766,013.00. In arriving at this amount the electrical work was shown as an "allowance" in the amount of $36,000.00. An allowance is merely an estimate and is not a figure based on a firm bid. The evidence shows that the parties involved knew this figure was too low. Plaintiff's bid thereafter submitted and accepted was considerably in excess thereof. By written Change Order No. 1 the electrical work allowance figure was increased by $17,850.00 plus fixtures. The transactions which followed between Marilyn and Plaintiff by which Plaintiff was directed to obtain and install the light fixtures and bill Marilyn were verbal. However, Plaintiff has executed this verbal agreement by obtaining and installing all light fixtures. The subcontract between Plaintiff and Marilyn contained the usual provision regarding charges for extra work or material, providing as follows:

"12. It is mutually agreed that no charges by Sub-Contractor for extra work or material under this sub-contract or for any other work on the above project shall be made or will be recognized or paid by Contractor unless agreed to in writing by Contractor before such work is done or the material furnished.

In this connection, it is further mutually agreed that in any case where work is to be done or materials furnished 'as directed' the said work shall not be done or materials furnished unless Sub-Contractor receives written direction therefor but Contractor shall not be required to order any such work or materials."

It is well recognized in this jurisdiction that in circumstances where a contract calls for written change orders for extras and contrary thereto the extras are supplied on a verbal arrangement and the verbal arrangement had been executed, the parties are deemed to

have modified or altered their contract by the executed oral agreement and all parties are bound by such agreement. 15 Okl.St.Ann. § 237; Hunt v. Tulsa Terrazzo & Mosaic Co., 157 Okl. 174, 11 P.2d 521 (1932); Davis v. Standard Insurance Co., 280 P.2d 462 (Okl.1955); Kenison v. Baldwin, 351 P.2d 307 (Okl. 1960); Flour Mills of Amer., Inc. v. American Steel Bldg. Co., 449 P.2d 861 (Okl.1969). Thus, Marilyn is obligated to Plaintiff for the cost of the light fixtures and their installation notwithstanding the absence of written change orders therefor.

■ The Court finds and concludes that the Defendant is likewise liable for the cost of said light fixtures and their installation under the said payment bond it issued with Marilyn as the principal. The contract between Atrium and Marilyn dated July 1, 1969 is referred to in the payment bond dated July 8, 1969 and became a part thereof. Gibbs v. Trinity Universal Insurance Co., 330 P.2d 1035 (Okl.1958). United States of America v. Phoenix Indemnity Company, et al., 231 F.2d 573, (Fourth Cir. 1956). The bond provides:

"NOW, THEREFORE, THE CONDITION OF THIS OBLIGATION is such that if the Principal [Marilyn] shall promptly make payment to all claimants as hereinafter defined, for all labor and material used or reasonably required for use in the performance of the CONTRACT, then his obligation shall be void; otherwise, it shall remain in full force and effect, subject, however, to the following conditions:"

Article 3 of the prime contract provided for changes in the work to include the requirement of additional work and that the provisions of the contract would apply to all changes and additions. Article 17 provides that the maximum stated cost may be adjusted by change orders. In this contractual background Plaintiff complains that it did not receive notice of any change orders on the light fix-

tures which served to increase the cost of the project and its risk. The Court has found no provision in the payment bond, the prime contract or the subcontract which calls for such notice. The Defendant has pointed to no such requirement in any of such documents. In these circumstances, the Defendant is deemed to have assumed in advance the making of changes which are not so extensive as to constitute a departure from the original contract. 17 Am.Jur.2d Contractor's Bonds, § 27, at p. 211; Appleman Insurance Law & Practice, Vol. 11, § 6840, p. 739 et seq.; Honolulu Roofing Company v. Felix, 49 Haw. 578, 426 P.2d 298 at page 314 (1967); Massachusetts Bonding & Ins. Co. v. John R. Thompson Co., 88 F.2d 825 (Eighth Cir. 1937); United States v. Freel, 186 U.S. 309, 317, 22 S.Ct. 875, 46 L.Ed. 1177; Equitable Surety Co. v. U. S., to Use of McMillan & Son, 234 U.S. 448, 456, 457, 34 S.Ct. 803, 58 L.Ed. 1394; Getchell & Martin Lumber & Mfg. Co. v. National Surety Co., 124 Iowa, 617, 100 N.W. 556; United States v. Walsh (C.C.A.2) 115 F. 697, 704, 705; Doyle v. Faust, 187 Mich. 108, 153 N.W. 725, 728, 729; Bartlett & Kling v. Illinois Surety Co., 142 Iowa, 538, 119. N.W. 729, 733, 734; O'Rourke v. Burke, 44 Neb. 821, 63 N. W. 17 and Kretschmar v. Gross, 108 Wis. 396, 84 N.W. 429.

In this connection the Court finds and concludes that the changes here involved concerning the light fixtures were not so extensive as to constitute a departure from the original contract. They are not deemed to have substantially altered the bonded contract. They did not convert the bonded contract into a significantly different one. The original "electrical work" figure as appended to the prime contract was only an allowance—merely an estimate—not a firm bid. The construction contract called for changes in the work to include additions. The changes involving electrical work are deemed to have been fairly within the scope of the original undertaking. They

were changes which may reasonably be said to have been originally contemplated by the parties as permissible and necessary. An apartment house needs light fixtures. They are therefore covered by the construction contract and the payment bond. The payment bond has not been released in these circumstances either in whole or as to these changes.

For the foregoing reasons judgment should be entered herein in favor of Plaintiff and against the Defendant for the amount sued for plus the agreed reasonable attorneys fees and interest. Pursuant to the wishes of the parties final judgment herein is withheld until March 15, 1973.