CITY OF DULUTH *vs.* JAMES E. HENEY and others.

April 16, 1890.

**Duluth—Contractors' Bond to pay Laborers— Payment in Full to Contractors—Sureties not Discharged.**—Upon the completion of the work provided for in the contract mentioned in *State Bank of Duluth* v. *Heney,* 40 Minn. 145, the city settled with the contractors, the principals in the bond which was construed in that case, and paid them in full. This action was brought by the city, for the use and benefit of the plaintiff in the former suit and another person, upon said bond. *Held,* that the sureties thereon were not released or discharged from the obligation of the bond by reason of payment in full to the contractors.

Appeal by plaintiff from an order of the district court for St. Louis county, refusing a new trial after trial before *Stearns,* J., and verdict directed in favor of defendants Ray & Carey, the sureties on the bond in suit.

*White & Reynolds,* for appellant.

*Wm. B. Phelps,* for respondents.

COLLINS, J. This is an action by the city, obligee, upon the bond considered in *State Bank of Duluth* v. *Heney,* 40 Minn. 145, (41 N.

W. Rep. 411,) and to recover for the use and benefit of the owner, said bank, upon the claims which it attempted to collect in the former case; and also to recover for the use and benefit of Duncan, Gamble & Co., who furnished the same, the value of certain materials which were sold to the principals in said bond, and used by them in fulfilling the contract referred to in the opinion, *supra*. At the conclusion of the trial a verdict was ordered and rendered in favor of two of the respondents, the sureties upon said bond. The appeal is from an order refusing a new trial. In the decision before mentioned the bond in question was construed as intended, among other things, to secure the payment of laborers who might be employed by the contractor, and the payment of those who might furnish materials to be used in the performance of the contract. It was further determined that the city, as the obligee named in the bond, could alone maintain an action upon it to enforce the collection of claims held by either laborers or material-men. But the respondents now contend that by reason of certain provisions to be found in the contract between the city and the principals in the bond, under which the work was performed, and because upon the completion of the work the city paid to the contractors the full amount due them upon the contract, the sureties upon the bond have been released and discharged, and, as against them, no recovery can be had. In other words, that under the contract it was the duty of the city to withhold payment to the contractors until satisfied in some manner that all claims for labor performed or materials furnished had been liquidated; and that, if the city has failed to perform such duty,—has improvidently paid the contractors,—the laborers and material-men have been deprived of a right to recover through the bond. The provisions of the contract under which this somewhat singular position is taken, are those usually found in agreements of this nature; in brief, that no payments are to be made to the contractors until the work shall be completed in the manner agreed upon, and such completion certified to by the engineer and inspector in charge, nor until each and every of the stipulations previously mentioned in the contract has been complied with. Whereupon the city agrees to pay, on or before the 15th day of the month next succeeding that in which the work is done, 85 per cent.

of the monthly estimate. The remaining 15 per cent. is to be retained until the contract is fully completed and the work accepted. There is also in the contract the customary agreement on the part of the contractors that all claims for labor and materials shall be promptly paid. The conditions of the bond are plain, and now beyond controversy; and conceding it to be within the power of the city to use any language in its contracts, or to perform any act, whereby the rights of those for whose benefit the bond is required and executed may be jeopardized or lost, we fail to discover any stipulation or condition in the contract from which even an inference can be drawn that the city assumed, or that there was cast upon it, the duty of seeking out the various laborers and material-men who contributed to the completion of the contract, and ascertaining the state of their accounts with these contractors before making final and complete payment for the work. It is barely possible that the authorities would have been justified in refusing payment until it had been made to appear that there were no outstanding claims; but we are asked to go further than this, and to say that as to all contracts for street-grading there has been imposed upon the city of Duluth an obligation to see to it that all laborers employed upon the work, and all material-men with whom the contractors have dealt, have been fully paid, before settling with the latter; and that during the progress of the improvement it must retain in its hands a sufficient amount of the money earned to meet and discharge demands of this character. There is nothing in the charter, nor in the contract itself, which suggests that such an extraordinary task has been assigned to or assumed by the municipality, and, should the views and construction demanded by the respondents be adopted, the utter impossibility of the carrying on of street improvements by a city of any size, with any degree of safety, under the contract system, seems obvious.

The respondents make the further point, as to a portion of the claims, that by accepting the so-called "time-checks" the laborers extended the day of payment for their work beyond that originally agreed on, without the knowledge of the sureties on the bond, and hence the latter are discharged from the liability theretofore existing. Upon this we shall only say at this time, that the answer contained

no allegation under which testimony relative to such extension could properly be received. For that reason, if for no other, the appellant's objection to the testimony should have been sustained. A new trial must be had.

Order reversed.