JESSE HAYDEN V. J. A. COOK ET AL.

[FILED MAY 18, 1892.]

1. **Sureties:** ESTOPPEL. Sureties are estopped to deny the facts recited in their obligation.

2. ——: ——: BUILDING CONTRACT. A written contract for the erection of a building was prepared according to the agreement and under the directions of the owner and contractor, but, through inadvertence, was not signed by either. A bond given by the contractor for the faithful performance of his agreement was written upon the back of said contract. The bond recited, in effect, that the principal therein had contracted with the obligee to construct and complete the building, for a stipulated sum, according to the contract thereto annexed, and one of the conditions written in said bond was that the principal "should duly perform and keep his agreements as in said contract set forth." In an action against the surety, it was held that he was estopped by the recitals in the bond from denying that the paper writing upon which the obligation was written was not the contract of the parties.

3. ——: ——: ——: RELEASE: ALTERATION. The building contract contained a provision that the owner, at any time during the progress of the work, should have the right to make any alterations, changes, or additions to the building, and the same should not invalidate the contract. *Held,* That the changes and additions disclosed by the evidence were provided for in the contract, and that the making of the same did not discharge or release the surety.

4. ——: ——: ——: PLEADING. Where it is claimed that the surety is released by reason of payments having been made to the contractor in violation of the terms of the contract, the facts constituting such defense must be pleaded in the answer and proven upon the trial.

5. ——: ——: ——: PAYMENTS. When payments have been made according to the stipulations of the contract, the fact that the same were made before the expiration of the time allowed by statute to subcontractors to file liens will not release the surety.

6. **Practice:** NONSUIT. It is error to nonsuit the plaintiff, where there is evidence sufficient to sustain the action.

Hayden v. Cook.

Error to the district court for Lancaster county. Tried below before Field, J.

*B. F. Johnson,* for plaintiff in error, cited, contending that the sureties were estopped: 1 Herman, Es., secs. 2 to 10; 2 Id., secs. 630–7; Brandt, Suretyship, secs. 29, 30; *Duchamp v. Nicholson,* 2 Mart. N. S. [La.], 672; *Lee v. Clark,* 1 Hill [N. Y.], 56; *Decker v. Judson,* 16 N. Y., 439; *Coleman v. Bean,* 14 Abb. Pr. [N. Y.], 38; *Seiple v. Bor. of Eliz.,* 3 Dutch. [N. J.], 407; *Otto v. Jackson,* 35 Ill., 349; *Franklin v. Twogood,* 18 Ia., 515; *Lehman v. Warner,* 61 Ala., 455; *Clamorgan v. Green,* 32 Mo., 285; *Billingsley v. State,* 14 Md., 369; *Collins v. Mitchell,* 5 Fla., 365; *Wash. Co. Ins. Co. v. Colton,* 26 Conn., 42; *Cecil v. Early,* 10 Gratt. [Va.], 198; *Monteith v. Com.,* 15 Id., 172; *Gudtner v. Kilpatrick,* 14 Neb., 347; *Adams v. Thompson,* 18 Id., 544; *S. C. & P. R. Co. v. Bank,* 10 Id., 564.

*Harwood, Ames & Kelly, contra,* cited: Brandt, S. & G., secs. 345, 387, and cases; *Birckhead v. Brown,* 5 Hill [N. Y.], 634; *Farmers Bank v. Evans,* 4 Barb. [N. Y.], 490; *Bragg v. Shain,* 49 Cal., 131; *Simonson v. Thori,* 31 N. W. Rep. [Minn.], 861; *Miller v. Stewart,* 9 Wheat. [U. S.], 681; *Lucas Co. v. Roberts,* 49 Ia., 159; *Taylor v. Jeter,* 23 Mo., 244; *Seiberling v. Demaree,* 27 Neb., 854; *A. & N. R. Co. v. Loree,* 4 Id., 450; *Reynolds v. R. Co.,* 11 Id., 192; *B. & M. R. Co. v. Wendt,* 12 Id., 80; *Mauzy v. Hardy,* 13 Id., 37.

Norval, J.

The plaintiff in error brought suit in the court below against J. A. Cook, as principal, and John Green, as surety, on a bond given for the faithful performance by Cook of his building contract with the plaintiff. The bond is as follows:

"Know all men by these presents, that we, J. A. Cook, principal, and John Green, sureties, are held and firmly bound unto J. A. Hayden in the sum of one thousand dollars, for which payment, well and truly to be made, we do bind and obligate ourselves, our heirs, executors, administrators, or assigns, each and every of them, firmly by these presents. Sealed with our seals this May 12, A. D. 1888.

"Whereas J. A. Cook has contracted with J. A. Hayden to execute, construct, and complete a frame story-and-a-half cottage for the sum of eighteen hundred and thirty-seven dollars, by a contract dated May 12, A. D. 1888, hereto annexed: Now, the condition of this obligation is, that if the said J. A. Cook shall duly perform and keep his agreements as in said contract set forth, and shall pay for all material and work in and about said building, so that the same shall not be liable to any mechanics' or other liens, and shall at all times protect said J. A. Hayden against any and all liens on said work and material, then this obligation is to be void, but if otherwise, the same shall be and remain in full force and virtue.

"J. A. COOK,
        Contractor, Lincoln, Neb.
"JOHN GREEN.

"In presence of
        "____ ____."

The contract price for the building was $1,837. Cook was to furnish all labor and materials. The plaintiff claims damages in the sum of $500 by reason of the failure and refusal of Cook to pay for all the materials used and labor performed in the construction of the building mentioned in said bond, in consequence of which mechanics' liens were filed against said building.

The defendant Cook is now a non-resident of the state, and was not served with a summons, nor did he appear in the action.

The defendant Green answered, alleging, in substance, that Hayden and Cook never executed a written contract for the erection of the building, but entered into a verbal contract for the construction of a dwelling which cost a much larger sum than was contemplated by the proposed written agreement, for which the bond was given; that he never agreed to allow said bond to stand as security for said verbal contract, nor for the construction of the building which was erected by Cook.

The answer denies that any mechanics' liens were filed against plaintiff's building, or that plaintiff has been compelled to pay out the sum mentioned in the petition, or any other sum, in consequence of the failure of Cook to keep and perform his covenants. The answer further avers that "said plaintiff never notified him that he would look to him (this defendant) to make good any loss on account of the contract of said Cook, or that he relied, or expected to rely, upon any obligation made by this defendant, or the said Cook was failing in any manner to comply with his agreement, or that he was failing to furnish any pay for the materials according to his agreement, or that he had failed to pay persons to whom he was indebted for work or materials on account of said contract with said plaintiff, or that liens were filed or to be filed against said premises; but, on the contrary, the said plaintiff paid out moneys to the said Cook when he knew that it was before the time provided by the statute at which said claims for materials became due and collectible, contrary to his duty in that regard, and thereby reduced the funds in plaintiff's hands that would otherwise have been abundant to have paid off and satisfied all liens against said premises."

All allegations of the answer were denied by the reply.

At the close of plaintiff's testimony the defendant Green moved for a nonsuit, on the ground of the insufficiency of the evidence, which was granted, and the suit was dismissed at the costs of the plaintiff. If, under the evidence

46

adduced by the plaintiff, he was not entitled to recover anything, the judgment of nonsuit was proper. We will notice the grounds urged by counsel for defendant in error why the ruling should be sustained.

The first contention is that there is no proof that a written contract for the erection of the building was ever entered into between Cook, the contractor, and Hayden, the owner of the building. The evidence shows that a contract for the erection of the building mentioned in the bond was prepared according to the direction and understanding of the parties, which contract bears date May 12, 1888. For some cause, doubtless an oversight, neither Cook nor Hayden signed it. It does, however, appear that the bond on which the suit was brought was written upon the back of said contract. It will be observed that the bond recites that Cook has contracted with Hayden to construct a frame story-and-a-half cottage for a specified sum, according to a contract dated May 12, 1888. One of the conditions in the bond is that Cook "shall duly perform and keep his agreements as in said contract set forth." The defendant in error is estopped by these recitals to deny the execution of the contract. The rule is as well settled as anything in the law that sureties are estopped to deny the facts recited in their obligations; in other words, they cannot set up and prove facts to contradict their own bonds. (Brandt on Suretyship & Guaranty, secs. 29, 30; *Gudtner v. Kilpatrick*, 14 Neb., 347; *Adams v. Thompson*, 18 Id., 541; *Love v. Rockwell*, 1 Wis., 331; *U. S. v. Bradley*, 10 Peters [U. S.], 365; *People v. Hoson*, 20 Pac. Rep. [Cal.], 369; *Rogers v. U. S.*, 32 Fed. Rep., 890; *Collins v. Mitchell*, 5 Fla., 364; *Green v. Wardwell*, 17 Ill., 278; *Shaw et al. v. Havekluft et al.*, 21 Id., 127; *Otto v. Jackson*, 35 Id., 349.) The same principle was recognized and applied in the case of *Gudtner v. Kilpatrick*, cited above. That was a suit upon an appeal undertaking. The defense was that no appeal was taken, nor could be, for the reason that the same was prohibited

by law.   This court held that the defendants were estopped
to deny that an appeal had been taken in contradiction of
the recital in their undertaking.   To the same effect is the
case of *Adams v. Thompson, supra.*

*Otto v. Jackson, supra,* is analogous to the case at bar.
That was an action upon a guaranty of the faithful per-
formance by tenants of the covenants of their lease.   On
the trial objection was made to the introduction of the lease
in evidence, for the reason that the execution by one of the
lessees was not proven.   It was held that the guarantors ·
were estopped by their guaranty from denying the execution
of the lease.   So in this case, we think, Green is estopped
to deny that the contract, upon the back of which the bond
was written, was neither executed by, nor was it the con-
tract of Cook and Hayden.   The bond in express terms
refers to and recognizes such instrument as being the con-
tract under which the building was to be constructed, and
its terms and conditions are as binding upon the obligors
of the bond as though the same were set out at length in
the body of the bond.

It is insisted that the surety is released from the obliga-
tion of his bond because the terms of the building contract
relating to time and manner of making payments were not
observed, and for the further reason that certain changes,
alterations, and additions were made in the building, during
its construction, not called for by the contract, nor plans
and specifications, which form a part thereof.   The third
article of the building contract provides that "should the
said party of the second part, at any time during the progress
of the said work, require any alterations of, deviations from,
additions to, or omissions in the said work, he shall have
the right and power to make such change or changes, and
the same shall in no way injuriously affect or make void
the contract; but the difference, for work omitted, shall be
deducted from the amount of the contract by a fair and
reasonable valuation; and for additional work required in

alterations, the amount shall be agreed upon before commencing additions, as provided and hereinafter set forth in Article No. 6, and such agreement shall state also the extension of time, if any, which is to be granted by reason thereof."

It fully appears from the testimony that, during the progress of the work, some changes and additions in the building were made which increased the cost thereof, although not to a considerable extent, while other changes were made without additional expense. But all the alterations and additions which were made are fully provided for and covered by the clause of the contract above quoted, and the making of them did not have the effect to release and discharge the defendant in error from his obligation as surety. (*Dorsey v. McGee*, 30 Neb., 657.)

After the bond was given Cook constructed a barn for Hayden, but the proofs show that it was erected under a contract separate and distinct from the one for the erection of the dwelling. It is not sought to make the defendant in error responsible for the faithful performance of the barn contract. It is obvious that neither the entering into of such contract, nor the erection of the barn thereunder, in any manner affected the liability of Green on his bond for the damages sustained by the plaintiff by reason of the failure of Cook to carry out the terms of the contract for the erection of the dwelling.

We will next consider the question of payments. The contract provided that payments were to be made on weekly estimates of the architect for labor furnished, less ten per cent, and for all materials as soon as vouchers were obtained from subcontractors or parties who furnish materials. The balance was to be paid at the expiration of ten days after the completion of the work.

The testimony in the bill of exceptions shows that, after the completion of the job, liens were filed against the building for labor and materials used in the construction of the

same, amounting in the aggregate to several hundred dollars, which were subsequently paid and dischárged by the plaintiff. The sums paid by him during the progress of the work, added to the amounts paid to remove the liens, greatly exceed the contract price. The testimony further shows that plaintiff paid $800 to material-men during the construction of the building, on orders given by the contractor, and during the same period payments were made to Cook aggregating $887.

It is contended that the payments to the contractor were made in violation of the terms of the contract, for the reason they were paid without the presentation of vouchers of the subcontractors who furnished materials for the construction of the building, and because the same were paid prior to the expiration of sixty days allowed by the statute to subcontractors to file liens, therefore the surety is released. There is nothing in the testimony to show that the several payments made to Cook, which amounted to $887, were to apply on materials, but it does appear that this sum was paid upon estimates furnished by the architect, and in the absence of any evidence tending to establish the contrary, we will presume that the same was paid according to the letter of the contract, which authorized payments to be made for labor furnished, without the production of vouchers therefor. It may be true that Hayden paid the contractor money for materials furnished for which vouchers of the material-men were not produced, and that he did not retain ten per cent of the amount due for wages, as required by the terms of the contract. If such is the case, and the surety did not consent thereto, it would be such a departure from the contract as to discharge the surety. If the defendant in error relies upon the failure of Hayden to observe the provisions of the contract relating to payments, as a release from the obligation of his bond, he should have brought the same into the record by pleadings and proofs. It is nowhere alleged in the answer that payments were

made in violation of the agreement, and by reason thereof the defendant was discharged, nor are any facts averred from which even such an inference can be drawn. The allegation in the answer, to the effect that plaintiff never notified the defendant that Cook had failed to pay for the materials or to pay the persons to whom he was indebted for labor performed according to his agreement, falls far short of charging that the plaintiff, in making the payments, had not observed the contract.

It is finally insisted that the defendant is discharged from his obligation because the plaintiff paid out money to Cook before the expiration of the time allowed by the statue to subcontractors to file their liens. The second section of the mechanic's lien law authorizes any person or subcontractor to file a lien upon the building in which such material or labor is used, within sixty days from the performing of such labor or furnishing such material; and the same section provides, in effect, that the owner of the building cannot be sued until the time for the filing of liens has expired. The contention is that this section of the statute is a part of the building contract in question, and that it was the duty of Hayden to withhold payment to Cook until after the time had expired for filing liens against the property, and, having failed to perform such duty, he cannot recover from the surety the amount he was required to pay to liquidate such liens. We are unable to perceive that the provisions of the section referred to have any bearing upon the case before us. Of course, as between the owner of the building and the persons who performed the labor or furnished the materials for the construction of the improvement, a payment to the contractor before the time had elapsed for filing liens, although the same was made according to the terms of the contract, would be at the owner's peril, and would not defeat any lien filed in time. But not so as to the surety, for as to him the only duty which the owner was required to discharge was to

make the payments according to the stipulations of the contract. So long as he did that, the surety was not released, even though the payments were made before the time for filing liens had elapsed. We fail to discover any stipulation or condition in the contract which imposed any obligation upon Hayden to withhold payments from the contractor until it was made to appear that there were no claims of liens against the property; but on the other hand it was contemplated by the parties that payments, under certain restrictions, should be made during the progress of the work, and the balance at the expiration of ten days after the completion of the improvement. One of the purposes in giving the bond was to enable the contractor to draw money on the contract with which to pay for the labor and materials as they were furnished, and the surety obligated himself that his principal should pay "for all materials and work in and about said building, so that the same shall not be liable to any mechanic's or other liens, and at all times protect said J. A. Hayden against any and all liens on said work and material."

There is testimony tending to support the plaintiff's cause of action which should have been submitted to the jury, and, such being the case, the motion to nonsuit the plaintiff was improperly sustained. The judgment is reversed and the cause remanded for further proceedings.

REVERSED AND REMANDED.

The other judges concur.