*R. D. Smith,* for plaintiff in error.. *J. S. Ridgdill,* contra.

---

## 8657.  WISE *v.* THURMAN.

BROYLES, P. J.  1.  In a suit for breach of a contractor's bond, brought against the principal and surety therein, the fact that the owner of the property failed to take a sworn statement of the contractor, as provided for in paragraph 2 of section 3352 of Park's Ann. Code, is no valid defense for the surety, where the bond contained no stipulation that such an affidavit should be taken. The failure to take the affidavit did not increase the surety's risk or liability under the bond. *Thomason* v. *Keeney,* 8 *Ga. App.* 852 (70 S. E. 220). See also, as to the principle involved, *Massachusetts Bonding Co.* v. *Realty Trust Co.,* 137 *Ga.* 693 (4) (73 S. E. 1053). This ruling is not contrary to that in *Blackburn* v. *Morel,* 13 *Ga. App.* 516 (79 S. E. 492), since in that case, as shown by the decision, it was stipulated in the contract that the affidavit should be taken.

2.  Under the ruling in *Thomason* v. *Keeney,* 4 *Ga. App.* 721 (62 S. E. 470), the petition in the instant case was not subject to general demurrer.

3.  The original petition alleged a breach of the stipulation of the bond that the house when completed was to be delivered free from liens or incumbrances of any kind, and with all bills for labor and material on account of the same fully paid and discharged. It set out bills amounting to over $1,000 which were left unpaid by the contractor, and alleged that liens for them had been filed against the property of the plaintiff, and that foreclosure proceedings were threatened and were about to be instituted. The petition was specially demurred to on the ground that it showed upon its face that there had been no recovery against the plaintiff on account of the unpaid bills referred to, and

32

that he could not file suit for breach of the bond until the claims of lien had been adjudicated against his property in the manner provided by law, and that the petition showed that no such adjudication had been made. In an amendment allowed over the defendant's objection, the plaintiff set out that judgment had been obtained against him, by reason of said unsatisfied liens for material furnished in the erection of his house, to the amount of $693.44; and he gave that amount as the measure of the damage suffered by him by reason of the breach of the bond. The court did not err in allowing this amendment, or in overruling all the grounds of the demurrer.

*Judgment affirmed. Jenkins and Bloodworth, JJ., concur.*

DECIDED JULY 5, 1917.

Action on bond; from city court of Atlanta—Judge Reid. January 6, 1917.

*Daley, Chambers & Daley,* for plaintiff in error.

*George Gordon,* contra.