[Civ. No. 2639. Second Appellate District, Division One.—June 16, 1919.]

HILLCREST COMPANY et al., Plaintiffs, v. CLARA SHRIER et al., Defendants and Respondents; COMMONWEALTH BONDING & CASUALTY INSURANCE COMPANY (a Corporation), Defendant and Appellant.

[1] MECHANICS' LIENS—ACTION BY MATERIALMEN AND LABORERS TO FORECLOSE—PARTIES—BONDING COMPANY.—In these consolidated actions brought against the owners of a building, who had paid to the contractor the full amount of the contract price, to recover payment for materials used and labor done in the construction thereof, the bonding company, which had executed to such owners an undertaking conditioned for the performance of the contract by the contractor and the payment of all claims of any person performing labor or furnishing materials to be used in

the work, but which was not joined as a party defendant by plaintiffs, was by order of court, at the request of the defendant owners of the building, properly made a party defendant.

[2] ID.—JUDGMENT IN FAVOR OF OWNERS AND AGAINST BONDING COMPANY—RIGHT TO RELIEF IN FORECLOSURE ACTION.—In such actions, the court having rendered judgment in favor of the plaintiffs and against the defendant owners of the building for a sum in excess of the amount of the bond, and for the foreclosure of their liens against the' property of such defendants, properly rendered judgments in favor of the defendant owners and against the defendant bonding company for the amount of the bond, with costs, notwithstanding at that time the owners had not been required to pay out any moneys on account of the default of the contractor.

APPEAL from a judgment of the Superior Court of San Diego County. C. N. Andrews, Judge. Affirmed.

The facts are stated in the opinion of the court.

Hoff & Chatterson for Appellant.

Morris Binnard and W. P. Cary for Respondents.

CONREY, P. J.—Several actions were brought for the foreclosure of numerous lien claims incurred during the performance of a contract between the defendants Blanche L. Ehrenberg and Clara Shrier, as owners, and defendant W. B. Johnson, as contractor, for the construction of a flat building and garage in the city of San Diego. The contractor, together with the appellant Bonding Company, executed to the owners an undertaking in the sum of five thousand dollars, conditioned for the performance of the contract by the contractor, and that he would finish and deliver the work free from all liens and pay in full all the claims of any person performing labor or furnishing materials to be used in the work. Both contract and bond were dated on the twentieth day of May, 1913. The bond further contained the terms provided for in section 1183 of the Code of Civil Procedure, as amended in 1911, (Stats. 1911, p. 1313). It complied with the requirements of that section, with the exception that the bond was for only the sum of five thousand dollars, which was less than fifty per cent of the contract price.

41 Cal. App.—40

The court found that the owners fully performed their part of the contract and that they paid out for the construction of the building the full sum of $12,450, which was the contract price, and the further sum of $193 for additional work not provided for in the contract; that the contractor failed to pay the sum of $5,093.41, due to the several plaintiffs for materials used and labor done upon said building. The several actions having been consolidated prior to the trial, the court, pursuant to the findings made, rendered judgment in favor of the plaintiffs against the owners for the several sums claimed, amounting in the aggregate to more than five thousand dollars, and for the foreclosure of their liens against the property of the defendant owners, and further rendered judgment in favor of the owners against the defendant Bonding Company in the sum of five thousand dollars, with costs. From the judgment rendered against it the Bonding Company prosecutes this appeal.

The appeal is presented upon a record certified to contain a full copy of the judgment-roll, except the pleadings relating to that portion of the action and judgment from which no appeal is taken, and that portion of the findings of fact which relates to that part of the judgment from which no appeal is taken.

Appellant urges upon this court the following reasons why the judgment is erroneous: (1) Because the order of court directing the Bonding Company to be made a party was made without any legal showing, and was not made in pursuance of any code provision or law. (2) That the pleading of the defendants, to which said Bonding Company was made a party and denominated an answer, was and is not a pleading known to the Code of Practice. That it did not in any way plead to the complaint of the plaintiff, but was directed toward one who was not a party to the action, and who was only conditionally liable to the party offering the pleading, and that condition not being fulfilled, and no cause of action being stated in the said answer against the Bonding Company, the judgment based thereon was erroneous. (3) The defendant owners, not having paid any of the claims against the property, they had no right in contract or law to call upon the guarantor to pay as for default of the contractor, until default was

established, and the owners had been required to pay something by such default, until which time they had not been damaged. (4) The enforcement of the Fruer lien ignored the principle that the contract sued upon must be sustained by the proof, otherwise the variance is fatal. In this case the complaint made new contracts for Fruer, ignored his sworn lien claim, and enforced a contract not even alluded to in his claim of lien.

We will take up these points in the order above stated.

1. The only complaint contained in the transcript is the amended complaint of A. H. Busch Company, filed November 20, 1914. In that complaint the Bonding Company is one of the defendants against whom judgment is demanded. The order of consolidation of the actions was made pursuant to stipulation on the eighth day of June, 1914. The transcript shows that on May 4, 1914, according to minutes of the court of that date under the heading "Title of Court and Cause," the demurrer of the defendant "to plaintiff's complaint" was argued and submitted and overruled, and "the Bonding Company is ordered to be made party defendant and summons issued to bonding company and facts upon which it is claimed by defendant Shrier to be set forth in her answer. Defendant Shrier given ten days to comply with the above order of court." We may infer that in some one of the several and at that time separate actions pending the Bonding Company had not been made a party defendant. So far as appears from this record, it was a party defendant in the other actions. On April 13, 1914, the defendant owners had filed an answer in the Hillcrest Company case, setting out certain facts concerning the undertaking given by the Bonding Company, and demanding that the Bonding Company be made defendant in that action in order to litigate the rights and liabilities of all the parties and for the purpose of avoiding a multiplicity of suits. Presumably it was in response to that answer that the court made the order referred to as above stated, and presumably that is the case in which the Bonding Company had not been made a party by the plaintiff. It does not appear that the Hillcrest Company did not then or subsequently join in the request that the Bonding Company be made defendant in the action. By its answer filed in response to the several pleadings against it, the Bonding

Company seems to have raised issues upon the facts necessary to a complete determination of the merits of the action, and, so far as appears, those merits were fully determined by the court in its decision. [1] We are satisfied that appellant was properly before the court and that it has suffered no prejudice by reason of the order of which it complains.

2 and 3. The answer of the defendant owners filed in the Hillcrest Company case on the thirteenth day of April, 1914, was followed by an amendment to said answer, filed May 11, 1914, in which amendment the undertaking made by appellant was set forth, together with the facts occurring subsequent to the execution of the undertaking; and then demanding that appellant be held liable on its bond as against said claims of lien to the full extent of five thousand dollars. [2] We do not agree with the contention of appellant that the defendant owners, not having paid any of the claims against the property, therefore had no right to call upon appellant to pay as for the default of the contractor until such default had been established by a separate judgment and the owners had been required to pay out moneys on account of such default. "Judgment may be given for or against one or more of several plaintiffs, and for or against one or more of several defendants; and it may, when the justice of the case requires it, determine the ultimate rights of the parties on each side, as between themselves." (Code Civ. Proc., sec. 578.) It appears to us that the judgment rendered against appellant appropriately determines the ultimate rights existing between appellant and defendant owners. The owners had fully performed their contract and paid the contractor in full for the building. Nevertheless, lien claims were being asserted against the property of the owners by reason of default on the part of the contractor for whom appellant had become surety. Upon enforcement of these liens the property of the owners would be sold and they would have no recourse except against the contractor and upon the undertaking made by appellant. Appellant has been given every opportunity to defend against these claimed liens, but nevertheless the liens were legally established by this judgment. Every right which appellant could have in a separate action against it by the owners of the property to recover on the undertaking has been pre-

served to appellant in this action. Our attention has not been drawn to any decision by a court of this state determining this point. The case of *Massachusetts Bond. & Ins. Co.* v. *Realty Trust Co.*, 137 Ga. 693, [73 S. E. 1053], cited by respondents here, appears to sustain their contention. It was there held by the supreme court of Georgia that for the purpose of avoiding vexatious delays and a multiplicity of suits where there are numerous lien claims arising out of a building contract, equity will take cognizance and settle all the matters in one proceeding, and the owner may have relief against the surety on the contractor's bond, without first discharging the lien. "By bringing the lienors into the case their rights will be fixed as against the plaintiff, and at the same time the extent of liability of the surety and its principal will be fixed."

4. Assuming a variance between the Fruer claim of lien and the contract concerning the same as proved and found by the court, the effect of the court's error in making full allowance of that claim was not such as to increase the amount of the allowance more than $190 above the correct amount; but, after making this deduction, the total amount of the judgment for the lien claims against respondent owners (including interest and expense for filing liens), would be in excess of the sum of five thousand dollars, the penalty named in the bond. Therefore this error, if there was any error in the amount allowed on the Fruer claim, is without importance to appellant.

The judgment is affirmed.

Shaw, J., and James, J., concurred.