[Civil No. 2237. Filed March 27, 1925.]

[234 Pac. 560.]

TUCSON NATIONAL BANK, a Corporation, Appellant, v. CHARLES GOMEZ and DELFINA GOMEZ, His Wife, Appellees.

1. ATTACHMENT—JUNIOR ATTACHING CREDITOR MAY CONTEST VALIDITY OF SENIOR ATTACHMENT.—Junior attaching creditor may be heard to contest validity of senior attachment, at least where objection goes to existence of right to senior lien either in fact or law.

2. MECHANICS' LIENS—BUILDING CONTRACTOR'S' FAILURE TO PREVENT LIENS HELD TO GIVE CAUSE OF ACTION, THOUGH OWNER HAD NOT PAID CLAIM.—Where building contractor, agreeing to pay for all materials and keep property free from liens, allowed claim of lien to be filed, owner had cause of action; only effect of bringing suit before paying lien creditor being to compel plaintiff to prove breach, instead of relying on lien foreclosure judgment.

3. MECHANICS' LIENS — THAT COMPLAINT RECITED INDEBTEDNESS RATHER THAN DAMAGES FOR BREACH HELD NOT TO AFFECT VALIDITY.—That complaint, in suit brought against building contractor for breaching contract by allowing lien to be filed before payment of lien claim, recited indebtedness in amount of lien claim instead of damages for breach, *held* not to affect validity of complaint.

---

1. See 2 R. C. L. 872.

4. ATTACHMENT—AMENDED AFFIDAVIT IN HARMONY WITH ORIGINAL AND AMENDED COMPLAINTS PERMISSIBLE AND RELATES BACK.— Where original affidavit for attachment was drawn on theory that "action was on contract for direct payment of money," where it was in fact for unliquidated damages for breach, amended affidavit stating correct theory is permissible, in view of Civil Code of 1913, paragraph 1426, and relates back to original complaint so as to take priority over attachment filed before amendment, where amended affidavit is in harmony with both original and amended complaints.

See (1) 6 C. J., p. 436.   (2) 27 Cyc., p. 317 (1926 Anno.).   (3) 27 Cyc., p. 317 (1926 Anno.).   (4) 6 C. J., pp. 157, 160 (1926 Anno.).

APPEAL from a judgment of the Superior Court of the County of Pima. George R. Darnell, Judge. Affirmed.

Messrs. Richey & Richey, for Appellant.

Mr. Fred W. Fickett, Jr., for Appellees.

LOCKWOOD, J.—Charles Gomez and Delfina Gomez, his wife, hereinafter called appellees, were the owners of certain real estate in Tucson, Arizona. They entered into a contract with one J. C. McQuaid to erect a dwelling thereon, which contract contained the following clause:

"And the said party of the first part agrees to pay or cause to be paid the cost of all materials and labor used in and about the construction of said dwelling-house and building, and to keep the same at all times free from mechanics' and materialmen's liens on account of the furnishing of any such labor or materials."

McQuaid erected the building, and appellees paid him the full contract price therefor. Thereafter, the O'Malley Lumber Company filed a claim of lien against the premises for material furnished for the

---

4.  Amendment of writs of attachment and of papers on which based, see note in 61 **Am. Dec.** 125. See, also, 2 **R. C. L.** 836.

construction of the building, in the sum of $1,629.38. Appellees thereupon brought suit against McQuaid, setting up the above facts, and that the latter had failed to pay for the materials as aforesaid; that he had left the state for the purpose of defrauding his creditors; and that by reason of the matters stated, McQuaid was indebted to appellees in the sum of $1,629.38.

On the same date, appellee Charles Gomez made his affidavit of attachment, setting up therein "that the defendant is indebted to plaintiff upon an implied contract for the direct payment of money," and the usual other allegations necessary under section 1 of paragraph 1394, Revised Statutes of Arizona of 1913.

Thereafter the Tucson National Bank, hereinafter called appellant, moved to quash and dissolve the attachment, on the ground that it had brought suit against McQuaid after appellees' attachment had been levied, and had levied a junior attachment on the same property; alleging that appellees' complaint showed on its face there was no cause of action against McQuaid, and that the affidavit showed affirmatively appellees had no right to an attachment.

Before the motion was ruled on, appellees filed an amended complaint, making the O'Malley Lumber Company defendant, admitting the amount of the lien as an indebtedness against the property, due and payable to the lumber company, but stating it had not been paid either by McQuaid or appellees. The prayer for relief in the amended complaint was for judgment against the appellees in favor of the O'Malley Lumber Company for the $1,629.38, and in favor of appellees against McQuaid for the same sum.

An amended affidavit of attachment was filed, which set up the facts from which the claim arose

and contained, among other things, the following words:

"That an action was, . . . when the original affidavit of attachment was filed in the above-entitled cause, pending between plaintiffs and defendant, . . . and is now pending. . . . That the defendant was, . . . when the original affidavit of attachment was filed, . . . about to remove his property beyond the jurisdiction of the court to avoid the payment of the judgment, and . . . is now about to remove his property. . . . ''

The O'Malley Lumber Company filed a general demurrer, and also answered admitting the facts set up by appellee. The demurrer was overruled, and petition of appellant to quash the writ and dissolve the attachment denied. From this latter order it was that an appeal was taken.

The points made by appellant are: (1) that the complaints and affidavits show affirmatively there was no indebtedness existing from McQuaid to appellees; (2) that until appellees have paid the alleged indebtedness, if any, from McQuaid to the O'Malley Lumber Company, they have no right of recovery against the former; and (3) that the original affidavit in attachment attempts to set up a right under the first section of paragraph 1393, Revised Statutes of Arizona of 1913, when the complaint shows clearly the right exists, if at all, under section 2 of said paragraph.

Appellees question the right of appellant, as a junior attaching creditor, to be heard at all to contest the validity of a senior attachment, except on the ground of fraud. While there may be some conflict in the authorities, we think the better rule is that the junior creditor may be heard, at least where the objection goes to the existence of the right of the senior lien, either in fact, or in law. *Kimball* v.

*Richardson et al.*, 111 Cal. 386, 43 Pac. 1111, and cases cited.

We will therefore consider the propositions of appellant on their merit.

There can be no doubt that the original complaint, as well as the amended, discloses facts which constitute a cause of action against McQuaid by appellees. The former agreed to pay for all material used in the dwelling, and to keep the property free from lien. This he did not do, it is alleged, and appellees could certainly have sued him for damages for the breach of his contract, notwithstanding they had not yet paid the bill of the O'Malley Lumber Company. *Hillcrest Co.* v. *Shrier*, 41 Cal. App. 624, 183 Pac. 239; *Empire State Surety Co.* v. *Lindenmeier*, 54 Colo. 497, Ann. Cas. 1914C, 1189, 131 Pac. 437.

The only effect of appellees bringing suit in advance of such payment is that they would, of course, be compelled to prove the breach of contract and the amount of damage independently, instead of relying on a judgment after foreclosure of the lien. *Friend* v. *Ralston*, 35 Wash. 422, 77 Pac. 794.

Had the complaint, instead of stating, "Defendant is indebted to plaintiffs in the sum of $1,629.38," recited, "Plaintiffs have been damaged in the sum of $1,629.38," no exception could have been taken thereto. We feel the difference is not of sufficient importance to affect the validity of the complaint. *Wadin* v. *Czuczka*, 16 Ariz. 371, 146 Pac. 491.

This brings us to the affidavits on attachment. The original one, though sufficient in form, on its face was clearly drawn on the theory that this was an "action upon a contract . . . for the direct payment of money." It is not such a case, however, but one for unliquidated damages for the breach of a contract. *Ancient Order, etc.*, v. *Sparrow*, 29 Mont.

132, 101 Am. St. Rep. 563, 1 Ann. Cas. 144, 64 L. R. A. 128, 74 Pac. 197.

The amended complaint, though adding another party and other issues, whether properly or not we need not determine, did not change the nature of the action as between McQuaid and appellees, and the amended affidavit, though containing several unnecessary allegations, does set up facts which are in harmony with both the original and amended complaints. Is such an amended affidavit permitted, and does it relate back to the original complaint, so as to take priority over the attachment of appellant? Both questions should be answered in the affirmative. Paragraph 1426, Rev. Stats. Ariz. 1913; *Dowdy* v. *Calvi*, 14 Ariz. 148, 125 Pac. 873.

The cause of action against McQuaid existing and having been sufficiently stated in both the original and amended complaints, and the amended affidavit on attachment appearing to be in conformity with both complaints and the statute, the judgment of the lower court is affirmed.

McALISTER, C. J., and ROSS, J., concur.